**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KENDRA DAVIS O/B/O K.M.**                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 18-4928**

**SOCIAL SECURITY ADMINISTRATION**      **SECTION "J" (3)**

**REPORT AND RECOMMENDATION**

Plaintiff Kendra Davis, on behalf of her minor child K.M., filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      **BACKGROUND**

Plaintiff protectively filed her application for SSI on March 19, 2015, alleging that K.M. had a disability onset date of July 1, 2014. (Adm. Rec. at 11, 102). Plaintiff alleged disability due to a speech impairment. (*Id.* at 126). Plaintiff, born on February 21, 2010, was 4 years old on the date on which plaintiff alleged disability. (*Id.* at 92). As of the date of the application, K.M. was a preschooler and – need it be said – had no past work experience.

Defendant initially denied plaintiff's application on December 23, 2014. (*Id.* at 45). Plaintiff sought an administrative hearing, which defendant held on July 26, 2016. (*Id.* at 26-45). Plaintiff and K.M. testified at the hearing.

On April 5, 2017, the ALJ issued a decision in which she concluded that K.M. is not

1

disabled.  (*Id.* at 11-22). The ALJ utilized the three-step evaluation process for determining a child's disability to evaluate K.M.'s condition. (*Id.*). At Step One, the ALJ found that K.M., then a preschooler, had not engaged in substantial gainful activity since the application date. (*Id.* at 14). At Step Two, the ALJ found that K.M. had the severe impairment of a speech delay. (*Id.*). At Step Three, the ALJ found that K.M.'s severe impairment did not meet or medically equal the severity of any listed impairment. (*Id.*). The ALJ then applied the analysis set forth at 20 C.F.R. § 416.926a to find that K.M.'s severe impairment did not functionally equal the severity of any listed impairment. (*Id.* at 14-22). Thus, the ALJ determined that K.M. was not disabled under the Act from the application date through the date of the decision. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that K.M. is not disabled, and, on March 28, 2017, the Appeals Council denied plaintiff's request.  (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).  If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971);

*Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

A child is entitled to disability benefits if he or she has a severe medically determinable physical or mental impairment or combination of impairments that cause marked and severe functional limitations, and that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. §§ 416.906, 416.924. The ALJ employs the following three-step sequential evaluation process in evaluating childhood

disability cases: (1) Is the child engaged in substantial gainful activity?; (2) Does the child have a severe impairment or combination of impairments?; and (3) Does the severe impairment(s) meet, medically equal, or functionally equal the severity of any impairment listed in Pt. 404, Subpt. P, App. 1 ("the listings"). 20 C.F.R. § 416.924(a)-(d).

To evaluate functional equivalence at step three, the Commissioner considers how a child functions in her activities in terms of six domains of functioning. 20 C.F.R. § 416.926a(b)(1). These six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). Functional equivalence means that the impairment is of listing-level severity and results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation in a domain is when an impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(2). An "extreme" limitation interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(3).

IV.    **ISSUE ON APPEAL**

There is one issue on appeal:

The sole issue raised is whether substantial evidence supports the ALJ's opinion.

V.    **ANALYSIS**

The ALJ found that K.M.'s severe impairment of speech delay did not meet or medically equal the requirements for Listing 111.09, which addresses Communication Impairment

Associated With Documented Neurological Disorder. (*Id.* at 14); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 111.09. Substantial evidence supports this determination because the record does not contain the necessary findings required to meet the Listing. Indeed, the Court finds that the objective medical findings of record showed that the Listing's requirements were not met. (*Id.* at. 14).

To prove that a Listing is met or equaled, a claimant "must provide medical findings that support each of the criteria for the equivalent impairment determination." *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530)). To establish a child's disability for communication impairment, Listing 111.09 requires:

> (A). documented speech deficit which significantly affects the clarity and content of the speech,
> (B). documented comprehension deficit resulting in ineffective verbal communication for age, or
> (C). impairment of hearing as described in Listings 102.10 or 102.11.

20 C.F.R. Part 404, Subpt. P, App. 1 § 111.09. Plaintiff cannot meet her burden of showing that Listing 111.09 was met in this case by noting only in her memorandum in support that K.M. has been diagnosed with speech and focus problems. [Doc. #14 at p. 1]. Instead, the Listing criteria must be met with specific medical findings. *Selders*, 914 F.2d at 619.

Rather than showing a documented speech deficit that significantly affects the clarity and content of speech, the ALJ and court reporter understood K.M.'s testimony during the administrative hearing without issue. (Adm. Rec. at 31-34). Rather than demonstrating a documented comprehension deficit resulting in ineffective verbal communication for his age, K.M. understood the questions during his administrative hearing and was able to enunciate what he wanted for Christmas, his siblings' ages, his favorite color, his best friend's name, and what he wanted to be when he grew up. (*Id.*). The Court finds that K.M.'s ability to engage in effective

verbal communication – in a potentially-stressful quasi-judicial setting – is demonstrated in the record. Finally, K.M.'s mother reported that K.M. had no hearing problems, and she has never alleged the presence of any hearing problems, demonstrating the absence of a hearing impairment for purposes of Listing 111.09(C). (*Id.* at 126, 133). Thus, the Court finds that substantial evidence supports the ALJ's finding that K.M.'s speech deficit did not meet Listing 111.09.

Pursuant to 20 C.F.R. § 416.924a, the ALJ then considered whether K.M.'s impairment functionally equaled a Listing. (*Id.* at 15-22). As noted above, to be found disabled as a result of "functional equivalence," K.M.'s impairments must be of listing-level severity, meaning the impairments must result in at least two areas of "marked" limitation or at least one area of "extreme" limitation of functioning in six functional areas. 20 C.F.R. § 416.926a. These six functional domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A "marked" limitation seriously interferes with the ability to engage in or complete domain-related activities, while an "extreme" limitation very seriously interferes with domain-related activities. 20 C.F.R. § 416.926a(e). The ALJ found "no limitation" in five functional areas, and "marked" limitation in only one functional area. (Adm. Rec. at 15-22).

**1. Acquiring and using information.**

In this domain, the ALJ considered how well K.M. acquired and learned information, and how well he uses information once it is learned. (*Id.* at 17-18); *see* 20 C.F.R. § 416.926a(g). The ALJ found that K.M. had no limitation in this area because his Kindergarten teacher stated in a January 2015 questionnaire that K.M. has no problems in comprehending oral instructions,

understanding and participating in class discussions, or understanding school and content vocabulary. (*Id.* at 18, 154). The ALJ also noted that K.M.'s mother reported that K.M. can recite numbers to 10, and he can identify shapes and colors. (*Id.* at 18, 136). The Court finds that substantial evidence supports the ALJ's finding of no limitation in K.M.'s ability to acquire and use information. (*Id.* at 18, 136, 154).

### 2. Attending and completing tasks.

This domain requires an assessment of how well a child is able to focus and maintain attention, and how well a child begins, carries through, and finishes activities. *See* 20 C.F.R. § 416.926a(h). The Court finds that the ALJ properly found that K.M. had no limitation in this domain, noting that Emily Hale, M.S., observed that K.M. "was attentive to tasks [and] [h]e followed directions appropriately" during an October 2016 speech-language evaluation. (Adm. Rec. at 252). The ALJ also noted that K.M.'s teacher stated that K.M. had "no problem" in carrying out instructions, working without distracting himself or others, organizing his things or school materials, and six other task-related activities; only a "slight problem" in focusing long enough to finish assigned activities or tasks, or completing class/ homework assignments; and no obvious or serious problems in task-related areas. (*Id.* at 155).

### 3. Interacting and relating with others.

Under this domain, the ALJ considered how well K.M. initiated and sustained emotional connections with others, including the development and use of language, cooperating with others, complying with rules, responding to criticism, and respecting the possessions of others, finding a "marked" limitation in this area. (*Id.* at 319-20); *see* 20 C.F.R. § 416.926a(i). Although speech therapist Amber Whitfield, M.C.D., noted that K.M. had a "severe articulation disorder" on

examination in September 2014, Whitfield also noted that "language skills are within normal limits," K.M.'s mother reported that K.M. asked for what he wanted, K.M. communicated without issue with the ALJ during his administrative hearing, and Emily Hale – who possesses a Certificate of Clinical Competence for Speech-Language Pathologists and who evaluated K.M. on October 25, 2016 – observed that K.M. "can clearly express his wants and needs" and "participated in conversational discourse with his mother and the clinician." (*Id.* at 30-34, 135, 217 249, 251).[1] Thus, the Court finds that substantial evidence supports the ALJ's determination that K.M. had no more than "marked" limitation in this area. *See* 20 C.F.R. § 416.926a(e)(3) (stating that an extreme limitation is one that interferes "very seriously" with the ability to function in a domain).

**4. Moving about and manipulating objects.**

The ALJ's assesses the child's gross and fine motor skills in this domain. *See* 20 C.F.R. § 416.926a(j). The Court finds that the ALJ properly found that K.M. had no limitations in this domain because K.M.'s mother did not allege any physical impairments and reported that K.M. played board games and tag with other children, indicating no loss of function in this domain. (Adm. Rec. at 19, 126, 137). In addition, during his October 2016 speech-language evaluation, the examiner reported that K.M. "transitioned from the waiting room to the evaluation room, and he sat appropriately in his chair and pushed it back up to the table independently at the conclusion of the evaluation." (*Id.* at 250). Substantial evidence supports this finding here. (*Id.* at 19, 126, 137, 250).

**5. Caring for yourself.**

---

[1] Hale also checked the "no limitation" box as to all six factors.  (*Id.* at 249-50).

This domain requires an evaluation of the child's ability to maintain a healthy emotional and physical state while getting wants and needs met in appropriate ways and coping with stress and changes in environment, as well as whether the child can take care of his or her own health, possessions, and living area. *See* 20 C.F.R. § 416.926a(k). The ALJ found no limitation in this area, noting that K.M.'s mother reported that he brushed his teeth without help, put away his own toys, and dressed himself without help. (Adm. Rec. at 21, 138). Hale also observed that K.M.'s "self-care skills appeared to be age-appropriate." (*Id.* at 120, 250). The record supports the ALJ's finding that K.M. had no limitations in his ability to care for himself. (*Id.* at 21, 138, 250).

**6. Health and physical well-being.**

This domain includes the cumulative effects of any physical and mental impairments, and any associated treatments or therapies, on the child's functioning. *See* 20 C.F.R. § 416.926a(l). The ALJ properly found that K.M. had no limitation in this domain, noting that he had not been prescribed medication during the relevant time period and did not require any ongoing medical treatment, including not having seen his pediatrician in the three years between his last pediatric appointment and the ALJ's decision. (Adm. Rec. at 22, 223-37). Hale also observed that K.M.'s "health and wellness appeared appropriate. No concerns were noted." (*Id.* at 250). The record supports the ALJ's finding that K.M. had no limitations in this domain. (*Id.* at 22).

The Court thus finds that the ALJ's functional equivalence assessment for K.M., considering the six domains as described in the regulations, is supported by substantial evidence, as was the ALJ's ultimate finding of non-disability. (*Id.* at 17-22). Plaintiff has identified no evidence contradicting the ALJ's findings in her motion for summary judgment. Plaintiff has not met her burden of citing to specific, objective medial evidence in the record that would refute the

ALJ's conclusion.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED,
the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH
PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days
after being served with a copy of this report.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b)
and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a
district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions
accepted by the district court, except upon grounds of plain error.    *Douglass v. United Servs.
Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of August, 2019.

**DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE**